Opinion issued on October 9, 2009













In The
Court of Appeals
For The
First District of Texas











NO. 01-07-00867-CV











FREDERICK DEWAYNNE WALKER, 
Appellant 

V.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE
SERVICES, Appellee









On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2006-06952J








opinion Dissenting to denial of en banc consideration

The standard set forth in TRAP 41.2(c) regarding an appellate court’s
en banc consideration of a case speaks to “extraordinary circumstances
requiring en banc consideration.” 
It is my position that both the panel’s opinion and dissent thereto,
illustrate the case to be worthy of the additional analyses to be obtained from
the full court. Here the issue reduces to what action or absence of action by
counsel constitutes “an actual or constructive denial” of “any meaningful
assistance of counsel” in light of Burdine v. Johnson. 262 F.3d 336 (5th 
Cir. 2001). I believe it to be an extraordinary circumstance that no appellate
court has addressed this issue with respect to the denial of effective
assistance of counsel in termination of parental rights cases. 
The level of public scrutiny upon Texas jurisprudence in this area of
effective assistance of counsel is already heightened due, in part, to the
Court of Criminal Appeals’ much-maligned Burdine decision in the criminal
context and given the particular factual circumstances of this case, at the
very least, we should accord it the attention of the full court. 
For this reason, I respectfully dissent to the denial of en banc
consideration.
 

                                                             Jim Sharp
                                                             Justice 
 
Panel consists of Justices Jennings, Hanks, and Bland.
En banc consideration was requested. See Tex. R. App. P. 41.2(c).
Chief Justice Radack and Justices Jennings, Keyes, Hanks, Higley, Bland,
Sharp, and Massengale participated in the vote to determine en banc
consideration.

A majority of the Court voted to deny en banc consideration. See Tex. R.
App. P. 49.7.

Justice Sharp, dissenting from the denial of en banc consideration.

Justice Alcala recused herself and did not participate.

Publish. Tex. R. App. P. 47.2(b)